# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| S.F., | § | |
| | § | |
|     *Plaintiff,* | § | Civil Action No. 4:23-cv-00864 |
| v. | § | Judge Mazzant |
| | § | |
| DENTON COUNTY PUBLIC HEALTH, ET AL. | § | |
| | § | |
|     *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff S.F.'s Motion for Default Judgment Against Defendants Matt Richardson and John Kissinger (Dkt. #13). Having considered the motion, the Court finds that the motion should be **DENIED**.

### BACKGROUND

On September 27, 2023, Plaintiff S.F. sued Defendant Matt Richardson, the Director of Public Health for Denton County Public Health, and Defendant John Kissinger, the Correctional Health Administrator for Denton County Public Health, in their official capacities (Dkt. #1). In addition, Plaintiff sued Denton County, Texas, and Denton County Public Health. In the live complaint (Dkt. #15), Plaintiff asserts that the Defendants violated her rights under the Fifth Amendment, Eighth Amendment, Fourteenth Amendment, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Affordable Care Act.

On September 28, 2023, Plaintiff filed proof of service for Defendants Richardson and Kissinger (Dkt. #6; Dkt. #7). On October 10, 2023, Plaintiff filed proof of service for Denton County. On October 20, 2023, Plaintiff filed an apparent attempt to request the Clerk's entry of

default against Defendants Richardson and Kissinger, but such request was denied because, among other reasons, a request for entry of default was not filed (Dkt. #11; Dkt. #12). That same day, after Plaintiff's deficient request for entry of default was denied, Plaintiff filed the pending motion for default judgment.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

## ANALYSIS

Here, Plaintiff has not adequately requested for entry of default, so no default has been entered by the Clerk. Because no default has been entered, Plaintiff cannot obtain a default judgment. *See New York Life Ins.*, 84 F.3d at 141.

Even if the motion may be interpreted as requesting entry of default, rather than default judgment, Plaintiff has not shown a default. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v.*

*Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166 (quoting *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). An official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original). Based on these principles, Plaintiff's claims against Defendants Richardson and Kissinger in their official capacities are really claims against Denton County, which has already defended against the suit by filing a motion to dismiss (Dkt. #18). It stands to reason, therefore, that neither Defendant has defaulted in his official capacity. *See Triplett v. City of Irving*, Civil Action No. 3:17-CV-1022-K-BH, 2017 U.S. Dist. LEXIS 167220, at *3 (N.D. Tex. Sp. 15, 2017) (recommending denial of plaintiff's motion for default judgment against an officer who was only sued in his official capacity because the city had already appeared and defended in the action).

Accordingly, Plaintiff is not entitled to entry of default and her motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff S.F.'s Motion for Default Judgment Against Defendants Matt Richardson and John Kissinger (Dkt. #13) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 2nd day of May, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE